IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| KEITH RUSSELL JUDD | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:10cv36 |
| HARLEY G. LAPPIN | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Russell Judd, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends that the petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

In 1995, a criminal complaint charging petitioner with mailing threatening communications was filed in the United States District Court for the Western District of Texas. On April 20, 1996, that court dismissed the charge and placed petitioner on 12 months pretrial diversion. Petitioner spent approximately 130 days in custody as a result of these charges.

In October, 1997, petitioner began mailing threatening communications to the same victim involved in the earlier charge. On June 24, 1998, a criminal complaint charging petitioner with two counts of mailing threatening communications was filed in the United States District Court for the District of New Mexico. Petitioner was convicted of these offenses and sentenced to 210 months imprisonment.

Title 18 U.S.C. § 3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was opposed." Petitioner complains that, pursuant to § 3585, the Bureau of Prisons should give him credit towards his sentence for the approximately 130 days he spent incarcerated as a result of the 1995 charges because his 1998 convictions were based on the same conduct that caused him to be incarcerated during this period. The Magistrate Judge concluded this argument was without merit because, as petitioner's Judgment in a Criminal Case recited that the date of petitioner's offenses was November, 1997, his incarceration in 1995 and 1996 could not have been the result of the same conduct that led to his conviction.

Petitioner makes two principal objections. First, he states the Magistrate Judge erred by relying on his Judgment in a Criminal Case for her conclusion that the date of petitioner's offenses was November, 1997. This objection is without merit. A court may take judicial notice of another court's judicial action. *Karasha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Burni* Negara, 2003 WL 21027135, at *4 (5th Cir,. 2003); Naijar *v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001). In addition, courts may take judicial notice of official court records in other federal court cases. *United States v. Capua*, 656 F.2d 1033, 1038 n.3 (5th Cir. 1981); *Alcala v. Texas Webb County*, 625 F. Supp.2d 391, 412 n.6 (S.D. Tex. 2009). Moreover, while records submitted by petitioner demonstrate that reference was made at his trial to events which occurred in 1995, it is clear that the events at issue in petitioner's trial were events which occurred in 1997. As the United States Court of Appeals for the Fifth Circuit stated in its opinion concerning petitioner's direct appeal, "there was sufficient evidence establishing that Judd had an intent to extort money with the mailing of the *1997* postcards ... to the victim." *United States v. Judd*, 2001 WL 360758 (5th Cir. 2001) (emphasis added).

In addition, petitioner states that his Presentence Investigation Report makes reference to the threats made by petitioner against the victim in 1995. He argues that as his offense level was increased by two points because the court concluded petitioner made more than two threats

against his victim, his current confinement is the result of actions which resulted in his incarceration in 1995 and 1996. This contention is also without merit. Petitioner's conduct in 1995 was not the conduct that resulted in his current incarceration. Petitioner's convictions, and the fact that he is currently incarcerated, are the result of conduct that occurred in 1997. At most, petitioner's conduct in 1995 may have been considered in determining what sentence should be imposed as a result of his convictions for conduct which occurred in 1997. *See Persico v. Laird*, 2009 WL 750213, *3 (E.D.N.Y. 2009).

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 2nd day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE